# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CLARENCE CHARLES SHIRLEY, III,<br><br>    Plaintiff,<br><br>  v.<br><br>KARI C. KRISTIANSEN, LINDSEY BURTON and ELVINA MEYER,<br><br>    Defendants. | Case No. 3:24-cv-00164-SLG |

## ORDER OF DISMISSAL

On July 29, 2024, self-represented litigant Clarence Charles Shirley, III ("Plaintiff") filed a prisoner's complaint, an additional civil complaint, a civil cover sheet, an application to proceed without paying the filing fee, and over 200 pages of documents.[1] Plaintiff names a state court judge, a district attorney, and a public defender as Defendants. He alleges violations of due process, speedy trial, access to courts and claims Defendants have fabricated evidence, committed perjury, and conspired against him to keep him unlawfully detained and prevent him from having a fair trial.[2] For relief, Plaintiff seeks damages in the amount of $20,000,000.00; punitive damages in the amount of $10,000,000.00; dismissal of

---

[1] Dockets 1–6.

[2] Dockets 1-2.

all charges; and that his DNA and record of all charges against him to be removed from all state and federal databases.[3]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[4] of Plaintiff's ongoing criminal case *State of Alaska vs. Shirley III,* Case No. 3PA-20-01437CR and the fact that Defendants are a judicial officer and attorneys who are involved in a professional capacity in that case.[5]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. As explained below, Plaintiff may not collaterally attack his pending state court case through a federal civil rights case, and Plaintiff has named improper defendants. Therefore, the Court finds amendment would be futile, and this case is dismissed with prejudice.[6]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to

---

[3] Docket 1 at 27.

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (12th ed. 2024). See also *Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[5] Docket records of the Alaska Trial Courts and the Alaska Appellate Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[6] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile); *Chaset v. Fleer/Skybox Int'l, LP,* 300 F.3d 1083, 1087-88 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment).

screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[7] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[8]

In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[9] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

Although the scope of review generally is limited to the contents of the

---

[7] 28 U.S.C. §§ 1915, 1915A.

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[10] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[11] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:24-cv-00164-SLG, *Shirley v. Kristiansen, et al.*
Order of Dismissal
Page 3 of 7

complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[12] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[13]

### A. Civil Rights Actions versus Habeas Corpus Actions

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint.[14] Claims challenging "the fact or duration of the conviction or sentence" are within the core of habeas relief, while claims challenging "any other aspect of prison life" are properly brought as civil rights actions.[15] If a prisoner seeks to challenge the very fact or duration of their physical imprisonment, and seeks immediate or speedier release, their sole federal remedy is a writ of habeas corpus.[16]

When a prisoner's civil complaint "evidence[s] a clear intention to state a habeas claim," a federal court should treat it as such.[17] However, the Supreme Court has warned courts to avoid a recharacterization that may disadvantage a

---

[12] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[13] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

[14] *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

[15] *Nettles v. Grounds,* 830 F.3d 922, 934 (9th Cir. 2016) (en banc).

[16] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

[17] *Trimble v. City of Santa Rosa,* 49 F.3d 583, 586 (9th Cir. 1995).

Case No. 3:24-cv-00164-SLG, *Shirley v. Kristiansen, et al.*
Order of Dismissal
Page 4 of 7
Case 3:24-cv-00164-SLG     Document 9     Filed 11/08/24     Page 4 of 7

prisoner by, for example, subjecting the petitioner to restrictions on second or successive habeas petitions.[18] Additionally, habeas cases have strict procedural requirements that must be met before such claims may be filed in federal court, and the proper respondent in a habeas case is the person who has custody over the petitioner, such as the superintendent of the facility where he is confined.[19]

It is clear from Plaintiff's filings that he is challenging his pretrial detention and the criminal charges pending against him in state court. Further, he may have intended to bring a combined habeas and civil rights case.[20] However, Plaintiff filed two civil complaints and names improper defendants.[21] Additionally, the Court takes judicial notice that Plaintiff filed a writ of habeas corpus under 28 U.S.C. § 2241 on October 22, 2024.[22] For these reasons, the Court declines to automatically recharacterize this case as a habeas action.

---

[18] *Castro v. United States*, 540 U.S. 375, 382 (2003). *See also United States v. Seesing*, 234 F.3d 456, 464 (9th Cir.2000) (holding that a court should not recharacterize a prisoner's pro se filing as a federal habeas petition when doing so would be to the prisoner's disadvantage).

[19] *Rumsfeld v. Padilla,* 542 U.S. 426, 434-435 (2004). *See also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[20] *See* Docket 6 ("I am writing and submitting this Habeas Corpus … seeking federal relief due to violations of my civil rights."). *See also* Docket 1 at 27 (seeking monetary relief and dismissal of all charges).

[21] Dockets 1-2.

[22] *Shirley v. Angol,* Case No. 3:24-cv-00234-SLG (petition for writ of habeas corpus filed 10/22/2024).

Case No. 3:24-cv-00164-SLG, *Shirley v. Kristiansen, et al.*
Order of Dismissal
Page 5 of 7
Case 3:24-cv-00164-SLG     Document 9     Filed 11/08/24     Page 5 of 7

### B. Plaintiff Names Improper Defendants

A plaintiff cannot state a claim against a judicial officer "because [a] judge is absolutely immune for judicial acts."[23] Additionally, prosecuting attorneys who act within the scope of their duties are immune from suits brought for damages under Section 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.' "[24] This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent.[25] Further, an attorney appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, ... not a state actor,"[26] an essential element of a Section 1983 claim. Therefore, Plaintiff's claims against the trial judge, the district attorney, and his public defender are DISMISSED with prejudice because they are barred and fail to state a cognizable civil rights claim for relief. Plaintiff cannot pursue these same claims for damages against these Defendants in the future.

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice**.

2. The Court finds amendment would be futile.

---

[23] *Simmons v. Sacramento County Superior Court,* 318 F. d 1156, 1161 (9th Cir. 2003).

[24] *Burns v. Reed,* 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).

[25] *Broam v. Bogan*, 320 F. 3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F. 3d 630, 637 (9th Cir. 2005).

[26] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

3. All pending motions are **DENIED as moot.**

4. The Clerk of Court shall issue a final judgment.

DATED this 8th day of November 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00164-SLG, *Shirley v. Kristiansen, et al.*
Order of Dismissal
Page 7 of 7
Case 3:24-cv-00164-SLG     Document 9     Filed 11/08/24     Page 7 of 7